**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **LAURA RUTH CARPIO,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY,**<br><br>**Defendant.** | **Civil Action No. 8:25-cv-03459-CDA** |
| **JESUS MANUEL RODRIGUEZ,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY,**<br><br>**Defendant.** | **Civil Action No. 8:25-cv-03461-CDA** |

**DEFENDANT WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY'S STATEMENT AS TO THE DISCOVERY DISPUTE**

**COMES NOW**, Defendant Washington Metropolitan Area Transit Authority (hereafter "WMATA"), by and through undersigned counsel, and respectfully submits its position regarding the discovery dispute presently before the Court.

WMATA served identical written discovery requests upon Plaintiffs Laura Ruth Carpio and Jesus Manuel Rodriguez seeking production of communications between Plaintiffs' counsel and their disclosed expert witness. Plaintiffs objected and asserted that no responsive communications were discoverable because all materials relied upon by the expert were identified in the expert report.

WMATA subsequently clarified to Plaintiffs' Counsel that Federal Rule of Civil Procedure 26 expressly permits discovery of certain communications between counsel and a testifying expert, including communications that:

1. relate to the expert's compensation;
2. identify facts or data that counsel provided and that the expert considered in forming the opinions to be expressed; or
3. identify assumptions provided by counsel that the expert relied upon in forming the expert's opinions.

*See* Fed. R. Civ. P. 26(b)(4)(C).

During the parties' meet-and-confer communications, Plaintiffs' counsel acknowledged that such a communication exists. Specifically, Plaintiffs' counsel confirmed that medical records and other materials were transmitted to the expert by e-mail on November 4, 2025, but nevertheless refused to produce that communication.

WMATA's position is straightforward: the transmittal e-mail and any attachments are discoverable under Rule 26(b)(4)(C)(ii). An e-mail transmitting documents to a testifying expert is (1) a communication that (2) necessarily identifies and provides "facts or data" to the expert for consideration. The rule expressly permits discovery of communications that identify facts or data provided by counsel to the expert, and a transmittal communication forwarding materials for review falls squarely within that category.

Rule 26(b)(4)(C) states:

> Trial-Preparation Protection for Communications Between a Party's Attorney and Expert Witnesses. Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, ***except*** to the extent that the ***communications***:

> (i) relate to compensation for the expert's study or testimony;
>
> (ii) *identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed*; or
>
> (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.

(emphasis added.)

The Advisory Committee Notes to the 2010 amendments confirm that the term "facts or data" must be interpreted broadly, explaining that the phrase was intended to require disclosure of "any material considered by the expert, from whatever source, that contains factual ingredients."

Federal courts interpreting Rule 26(b)(4)(C)(ii) consistently hold that communications transmitting materials to an expert — including cover letters and transmittal e-mails — fall within the "facts or data" exception and must be produced. *See Windowizards, Inc. v. Charter Oak Fire Ins. Co.,* CIV. A. 13-7444, 2015 WL 1402352, *2 (E.D. Pa. Mar. 26, 2015) ("Documents numbered 1, 2, and 3 on the privilege log are emails between defense counsel and Mr. Greve and a cover letter from defense counsel to Mr. Greve. In that these documents identify only "facts or data" provided by defense counsel for Mr. Greve's consideration, they are discoverable under Rule 26(b)(4)(C)(ii). Charter Oak must provide these documents to the Plaintiffs."); *Whatever It Takes Transmissions & Parts Inc. v. Capital Core, Inc*., Case No. 2:10-CV-72, 2011 WL 13157183, *3 (S.D. Ohio July 5, 2011) (ruling that e-mails from the attorney to the expert were not protected from production as they identified facts or data that the attorney provided to the expert); *Cargill, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa*., 21-CV-2563 (JNE/DTS), 2024 WL 2154017, *6 (D. Minn. Apr. 23, 2024) (refusing to clawback produced e-mails as e-mails sending or receiving data clearly identify facts or data and are not protected from disclosure); *In re Asbestos*

*Products Liab. Litig.* (No. VI), MDL 875, 2011 WL 6181334, *7 (E.D. Pa. Dec. 13, 2011) (requiring production of transmittal letters).

Here, Plaintiffs' counsel has already acknowledged that an e-mail transmitting documents to the expert was sent on November 4, 2025. That communication necessarily identifies and transmits the materials provided to the expert for review and, therefore, falls squarely within Rule 26(b)(4)(C)(ii). Plaintiffs' refusal to produce that communication improperly withholds discoverable material directly contemplated by the Federal Rules of Civil Procedure.

Accordingly, the Court should order Plaintiffs to produce all correspondence transmitting materials from Plaintiffs and their counsel to the expert witness and any attachments transmitted such correspondence.

Respectfully submitted,

/s/ *Nimalan Amirthalingam*
Nimalan Amirthalingam, Esq. (#18471)
Washington Metropolitan Area Transit Authority
Office of General Counsel
300 7th Street SW
Washington, D.C. 20024
(202) 962-1067 (telephone)
(202) 962-2550 (fax)
namirthalingam@wmata.com
*Counsel for Defendant Washington Metropolitan Area Transit Authority*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 20, 2026, a copy of the foregoing was served on all counsel of record via the Court's electronic case filing system.

*/s/ Nimalan Amirthalingam*
Nimalan Amirthalingam, Esquire (#18471)