IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LAURA RUTH CARPIO, *et al.*,          \*

    Plaintiffs,          \*

    v.          \*          Civil No. 8:25-03459-CDA

WASHINGTON METROPOLITAN          \*
AREA TRANSIT AUTHORITY,
              \*
    Defendant.
              \*

        \*          \*          \*

<u>**OPINION AND ORDER**</u>

THIS MATTER is before the Court on Defendant Washington Metropolitan Area Transit Authority ("Defendant" or "WMATA") Motion for Leave to Amend its Answer to Plaintiff Carpio's Complaint and to Assert Counterclaims. ECF 20. The motion has been fully briefed, and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons stated below, the Court GRANTS the Motion.

This case arises from an incident that occurred on Defendant's bus, during which Plaintiff Carpio alleges she sustained injuries after Plaintiff Jesus Manuel Rodriguez fell and struck her. Mot. to Amend, ECF 20, at 2 ("Motion"). Carpio and Rodriguez filed separate complaints against WMATA in state court. *See* ECF 1; *Rodriguez v. Wash. Metro. Area Transit Auth.*, No. CDA-25-3461 (D. Md.), ECF 1. On November 13, 2025, the Court granted the parties' joint motion to consolidate the actions for all purposes. ECF 14. The Court's scheduling order set a January 2, 2026 deadline for amendment of pleadings. ECF. 16-1, at 2. After unsuccessfully conferring with Plaintiff for consent to amend, Defendant filed this motion on January 2, 2026. Motion, at 1.

Federal Rule of Civil Procedure 15 permits a party to "amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. Pro. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* Discretion to grant or deny a motion for leave to amend lies with the Court. *See Forman v. Davis*, 371 U.S. 178, 182 (1962). Courts should deny amendment only when finding prejudice to the opposing party, bad faith by the moving party, or futility of the amendment. *Newport News Holdings Corp. v. Virtual City Vision*, 650 F.3d 423, 439 (4th Cir. 2011); *U.S. ex rel. Fadlalla v. Dyncorp Int'l LLC.*, No. PX-15-1806, 2022 WL 3716536, at \*3 (D. Md. Aug. 29, 2022). "The burden of showing prejudice falls on 'the party opposing amendment.'" *McCall-Scovens v. Blanchard*, No. ELH-15-3433, 2016 WL 6277668, at \*6 (D. Md. Oct. 27, 2016) (quoting *Atl. Bulk Carrier Corp. v. Milan Exp. Co.*, 3:10-cv-103, 2010 WL 2929612, \*4 (E.D. Va. July 23, 2010)).

WMATA's motion is timely pursuant to the scheduling order and arises early enough in the litigation to weigh against finding prejudice. *See Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006) ("Whether an amendment is prejudicial will often be determined by the nature of the amendment and its timing."); *Virtual City*, 650 F.3d at 439 (noting that amendment may be denied when a motion to do so "has been unduly delayed). The Court does not find prejudice from the amendment, as it relates to the facts and theories already in the pleadings and was sought well before discovery completed. *See Laber*, 438 F.3d at 427; *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986) (an amendment may prejudice where it "raises a new legal theory that would require the gathering and analysis of facts not already considered by the opposing party, but that basis for a finding of prejudice essentially applies where the amendment is offered shortly before or during trial."); *Davis v. Piper Aircraft Corp.*,

615 F.2d 606, 613 (4th Cir. 1980) ("Because [the nonmoving party] was from the outset made fully aware of the events giving rise to the action, an allowance of the amendment could not in any way prejudice the preparation of the [the nonmovant's] case."). Plaintiffs offer no reason the amendment is prejudicial within the considerations outlined by the Fourth Circuit—altering the nature of the litigation in a manner or at a time that prejudices a party's ability to prepare for and present its case. Plaintiffs suggest that the proposed amendment may introduce some tension in their respective individual interests. But they do not cite—and the Court is not aware of—any authority that finds that one plaintiff having potential interest adverse to another plaintiff rises to the sort of prejudice that requires denying the amendment. WMATA's proposed amendment does not change the underlying facts of this action—Carpio and Rodriguez were on a bus; Rodriguez fell and struck Carpio; Carpio and Rodriguez were allegedly injured. These are the same facts, do not add new parties, and do not alter the nature and scope of discovery.

Like prejudice, the Court finds absent any bad faith or futility on WMATA's part. The parties sought consolidation of these claims. Less than a month after consolidation, WMATA sought Plaintiffs' consent to amend. Plaintiffs' counsel failed to respond to the initial email as well as two follow-up emails from defense counsel. ECF 24, at 4. It appears that Defendant did not delay and made every attempt to alert Plaintiffs of its intention to seek amendment before filing timely. There is no bad faith reflected here. Also, the Court does not find—and Plaintiffs do not argue—that the proposed amendment is futile on its face. *See McCall-Scovens*, 2016 WL 6277668, at *8 (explaining that at the amendment stage, the futility inquiry focuses on whether substantive or procedural reasons make clear the futile nature of amendment;

3

"conjecture about the merits of the litigation should not enter into the decision whether to allow amendment").

There being no prejudice to the merits of Plaintiffs' case, bad faith by WMATA, or futility of the amendment, the Court follows the directive that amendment should be "freely given" absent any of those three circumstances. *Laber*, 438 F.3d at 426; *see also Davis*, 371 U.S. at 182 (1962) (holding that when an "amendment would have no more than state an alternative theory for recovery" and in the absence of "any apparent or declared reason—such as undue delay, bad faith or dilatory motive on part of the movant . . . undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be freely given"). Therefore, it is hereby

ORDERED that Defendant's Motion to Amend (ECF 20) is **GRANTED.**

Date: April 23, 2026

_____/s/_____
Charles D. Austin
United States Magistrate Judge