# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

**CHAMBERS OF**
**CHARLES D. AUSTIN**
**UNITED STATES MAGISTRATE JUDGE**

**101 WEST LOMBARD STREET**
**BALTIMORE, MARYLAND 21201**
**(410) 962-7810**
**MDD_CDAChambers@mdd.uscourts.gov**

June 11, 2026

LETTER TO ALL COUNSEL OF RECORD

Re: *Carpio v. WMATA, Rodriguez v. WMATA,*
Civil Nos. 25-03459-CDA, 25-03461-CDA

Dear Counsel:

This letter order concerns the pending discovery dispute concerning a November 4, 2025 email that Defendant seeks but Plaintiffs have not produced. *See* ECF 25. There is no material dispute about the nature of the document: a "single email from Plaintiffs' counsel to a retained medical expert" that lacks substantive information but "transmits attachments" that have already been produced to defense counsel. ECF 27 (Plaintiffs' position letter); *see also* ECF 26 (Defendant's position letter). Nor is there any dispute that Federal Rule of Civil Procedure 26(b)(4)(C)(ii) governs this dispute. The difference is in their interpretations of what the Rule requires in this instance. The Court held a teleconference on May 14, 2026 to clarify the parties' positions. At the conclusion of the call, the Court directed Plaintiffs' counsel to submit the email for *in camera* review. The Court invoked this process *sua sponte* because the dispute concerns a single document and Plaintiffs' counsel disclaimed reliance on any attorney-client or work product privilege not captured by Rule 26(b)(4)(C)(ii). The Court received the disputed document on Tuesday, May 19.

As the parties acknowledge, the relevant portion of Rule 26(b) protects extends work product privilege protection to any "communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications . . . (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed[.]" Fed. R. Civ. P. 26(b)(4)(C)(ii). Defendant insists that the cover email is part of the communication that transmitted the facts the expert witness considered (or will consider). Plaintiffs insist that the expert cannot rely on the cover email because it lacks substantive information.

Having reviewed the email, the Court agrees that the cover email lacks substantive information. While it is not blank, the fifteen-word email is, in essence, the equivalent of saying "see attached";[1] it requires a few more words because it describes the nature of the documents attached (in less detail than Plaintiffs do on the first page of their position letter). The header

[1] It is not lost on the Court that this sentence alone, to say nothing of this letter order, is longer than the body of the disputed document and no more informative regarding the underlying facts.

information reflects the attachment of multiple PDF files with names suggesting the contents are, as Plaintiffs' letter acknowledges, medical records and the operative civil complaint. So, again, Plaintiffs are correct that the substantive data the expert would consider exist in the attachments, not counsel's cover email. However, in emphasizing the language about "facts or data . . . that the expert considered," Plaintiffs minimize an equally important part of the Rule. ECF 27 at 1-2. Rule 26(b)(4)(C)(ii) provides for disclosure of *communications* that "identify facts or data . . . that the expert considered." This cover email, sparse as its body may be, is a communication that identifies its attachments as medical records for the retained expert to consider. Rule 26(b)(4)'s treatment of trial preparation materials seeks to protect from disclosure "theories or mental impressions of counsel" and expert draft reports. Fed. R. Civ. P. 26 advisory committee's note to 2010 amendments; *Carroll Co. v. Sherwin-Williams Co.*, No. WMN-11-1700, 2012 WL 4846167, at *3 (D. Md. Oct. 10, 2012). This equivalent of "see attached," without any accompanying opinions or impressions, does not appear to be the sort of communication Rule 26 intends to protect. *See* Fed. R. Civ. P. 26(b)(4) advisory committee's note to 2010 amendments ("The exception applies only to communications 'identifying' the facts or data provided by counsel; further communications about the potential relevance of the facts or data are protected.").

None of this is to say, as Plaintiffs fear, that "any correspondence with an expert that provides an attachment is discoverable, because the items in the attachment may have been considered." ECF 27 at 1 n.1. Plaintiffs' counsel represents that he sent medical records and invoices, as well as the civil complaints, to a medical expert retained for this litigation. *Id.* at 1. This leaves no serious dispute whether the expert would have considered the attachments in rendering any opinions under Rule 26(b), whether consistent with the records or not, rendering those materials discoverable. *Cf. Carroll Co.*, 2012 WL 4846167, at *3 (noting that the obligation to produce expert materials includes more than those "relied on" to reach conclusions and extends to materials provided even if "ultimately rejected"). Thus, applying Rule 26(b)(4)(C)(ii) to this unremarkable factual circumstance is hardly an endorsement that *any* email sending an expert *any* attachment is fair game for an opposing party. Rather, it is a simpler question: what constitutes the communication that identifies the facts or data considered. Without delving unnecessarily into philosophical questions including what constitutes a communication,[2] the Court is comfortable concluding that this cover email, given its contents and this factual context, lacks the work product

---

[2] The Court finds it neither necessary nor ideal to explore here certain issues implicit in some of the parties' contentions. One such issue could be whether the requirement to disclose communications necessarily includes a blank cover email or would be satisfied by sending only the attachment that is communicated. Put differently, the inquiry could be whether, in digital and electronic exchanges, a "communication" contemplated by Rule 26 is the email plus its attachments or whether the cover email and the attachments are separate communications. Another issue could be whether the default treatment of attorney-expert communications is that they be withheld unless they set forth substantive information (as Plaintiffs' argument implies) or that they be disclosed unless the producing party asserts that they contain protectable information. *See Yeda Research & Dev. Co., Ltd. v. Abbott GmbH & Co. KG*, 292 F.R.D. 97, 105 (D.D.C. 2013) (explaining that after the 2010 amendments to Rule 26(b)(4)(C), "attorneys' 'theories or mental impressions' *are* protected, but *everything else is fair game*." (second emphasis added)).

protection afforded by Rule 26(b)(4)(C)(ii) to attorney-expert communications. *Cf. Ross v. EQT Corp.*, No. 2:21-cv-1585, 2025 WL 4111114, at *3 (W.D. Pa. June 3, 2025) (ordering disclosure of "cover emails, minus attachments, that accompanied" materials the court concluded were outside of Rule 26(b)(3)(A)'s work product protection); *Chevron U.S.A., Inc. v. United States*, 83 Fed. Cl. 195, 200 (Fed. Cl. 2008) (concluding that facsimilie cover sheet lacking attorney thought processes or any text at all was not subject to the work product privilege.

For these reasons, the Court directs that Plaintiffs produce the November 4, 2025 email raised in the joint dispute letter. Despite the informal nature of this letter, it should be docketed as an order granting Defendant's motion to compel document production.

Sincerely,

/s/

Charles D. Austin
United States Magistrate Judge